**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 21-20517-CR-GRAHAM/MCALILEY

UNITED STATES OF AMERICA,

vs.

WILKENS MARDIGRAS,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court on the Magistrate Judge McAliley's Report and Recommendation on Defendant Wilkens Mardigras' Motion to Suppress Physical Evidence [ECF No. 37] and Defendant's Objections to Report and Recommendation [ECF No. 41].

**THIS MATTER** was referred to the Honorable United States Magistrate Judge Chris M. McAliley. Magistrate Judge McAliley issued a Report recommending that Defendant's Motion to Suppress [ECF No. 16] be denied. [ECF No. 37]. Defendant Mardigras filed timely objections to the Magistrate Judge's Report and Recommendation. [ECF No. 41]. This matter is now ripe for disposition.

**I.**    **Report and Recommendation**

Defendant Wilkens Mardigras ("Defendant") is charged by Indictment with having committed two crimes on February 25, 2021: possession of fifteen or more counterfeit and unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). (ECF No. 3). On February 25, 2021, law enforcement stopped,

1

arrested, searched, and questioned Defendant, and it now intends to use evidence it gathered that night in its prosecution of Defendant. In his Motion, Defendant argues that law enforcement gathered that evidence in violation of Defendant's Fourth and Fifth Amendment rights, and that as a result, this Court should preclude the government from using it at trial.

Upon referral from this Court, and after conducting an evidentiary hearing, Magistrate Judge McAliley issued the instant report recommending denial of Defendant's motion to suppress the physical evidence that was seized as a result of the search incident to his arrest and the post-arrest statements he provided. [ECF No. 37].

## II. Objections

The defendant objects to Magistrate Judge McAliley's finding and conclusion that: Officer Yarusso had reasonable suspicion to initially detain Mr. Mardigras for a violation of Miami Beach Ordinance 70-7 [ECF No. 37 at 11-12]; after seizing the cigarette, Yarusso had probable cause to arrest Mr. Mardigras for a violation of the same ordinance [ECF No. 37 at 13-15] ; thus, the search of Mr. Mardigras's backpack was a permissible search incident to arrest [ECF No. 37 at 15-16]; and Mr. Mardigras's post-arrest statement followed a voluntary and knowing waiver of his Miranda rights [ECF No. 37 at 16-18.].

## III. Discussion

The Court has reviewed the entire record and made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present. After careful consideration and for the reasons set forth below, the Court overrules the Defendant's objections and adopts Magistrate Judge McAliley's Report and Recommendation.

In addition to the evidence presented by Officer Anthony Yarusso, that the stop was premised

2

on Defendant's violation of Miami Beach Ordinance 70-7 prohibiting smoking of marijuana, Federal Law also prohibits simple possession of a detectable amount of marijuana in violation of 21 U.S.C. § 844(a). Based upon Officer Yarusso's observation, and his experience with the "roasting" of marijuana before it is ingested by a user, he clearly had reasonable suspicion to believe Defendant was in possession of marijuana. Further, because Officer Yarusso had reasonable suspicion, all events following the established reasonable suspicion were in accordance with the law, including the stop, arrest, search & seizure incident to arrest, and the post arrest statement after proper reading of the Miranda rights.

Notwithstanding Officer Yarusso's failure to comply with clearly established procedures regarding activation of body worn cameras, the Court makes the findings of fact as stated above. This may not be the case in future cases. Failure to follow standard operating procedures is a serious consideration of the Court in reaching its findings of facts and conclusions of law. Officer Yarusso and his supervisors should be made aware of the importance of law enforcement's adherence to established procedures.

Accordingly, it is

**ORDERED AND ADJUDGED** that Magistrate Judge's Report and Recommendation on Defendant's Motion to Suppress [ECF No. 37] is hereby **RATIFIED, AFFIRMED and APPROVED in its entirety.** It is further,

**ORDERED AND ADJUDGED** that Defendant's Objections to Report and Recommendation [ECF No. 41] is **OVERRULED**. It is further,

**ORDERED AND ADJUDGED** that Defendant's Motion to Suppress [D.E. 16] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of February, 2022.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

Cc: Miami Beach City Attorney, Raphael Paz
City of Miami Beach Attorney's Office
1700 Convention Center Dr., Fl 4
Miami Beach, FL 33139-1819